[No. 1405. December 8, 1911.]

## TERRITORY OF NEW MEXICO, Appellee, v. EDWARD McNABB, Appellant.

### SYLLABUS (BY THE COURT).

1. The burden of proving beyond a reasonable doubt the guilt of one on trial for crime, including the degree of sanity legally essential to the commission of the crime charged, is on the prosecution throughout the trial, but the presumption of sanity stands as a fact established for the prosecution, unless there is sufficient evidence of insanity on one side or the other to create a reasonable doubt of sanity.

2. The power of a trial court over the order of introduction of evidence is not absolute and does not include the right to reject admissible evidence when offered on the ground that the defendant on trial had not himself testified and laid a foundation for the testimony rejected it appearing that the same foundation would be laid by the witness then offered.

3. While the word, irrationality, is sometimes used as a synonym for insanity, the admission of evidence of the irrationality of the defendant did not cure the rejection of evidence offered of his "insanity," under the circumstances stated in the opinion.

4, The opinion of a non-expert witness, who has had wide opportunity for observation, is admissible on the question of the insanity of a defendant on trial for murder, although the witness may be unable to give in detail all the circumstances and appearances which led her to think there had been a change from sanity to insanity. The duty of

the trial court to pass beforehand on the qualification of
such a witness to testify is to be exercised with due regard
to the rights of the defendant, and its decision may be re-
versed when it is clear that through it the defendant was
deprived of what was essential to a fair trial.

Appeal from the District Court for Guadalupe County,
before EDWARD R. WRIGHT, Associate Justice. Reversed
and remanded.

O. A. LARRAZOLO, C. E. McGINNIS and T. B. CAT-
RON for Appellant.

Evidence as to insanity was admissible. Charter Oak
Life Ins. Co. v. Rodel, 95 U. S. 435; State v. Beuerman,
59 Kas. 589; Shultz v. State, 37 Neb. 496; Genz v. State,
58 N. J. L. 484; Armstrong v. State, 30 Fla. 200; Mutual
Life Ins. Co. v. Lathrop, 111 U. S. 619; Bitner v. Bitner,
65 Pa. St. 348; Conely v. McDonald, 40 Mich. 150; Un-
derhill on Crim. Ev., 2 ed., par. 162; Colee v. State,
75 Ind. 511; State v. Kutzleben, 136 Iowa 89; 2 Greenl.
on Ev., 13 ed., par. 371; Grant v. Thompson, 4 Conn.
203; Hardy v. Merrill, 56 N. H. 227; Clary v. Clary, 2
Ired. Law 83; Dunham's Appeal, 27 Conn. 193; Grant v.
Thompson, 4 Conn. 203; State v. Pike, 49 N. H. 399;
State v. Archer, 54 N. H. 465; Hathaway v. Ins. Co., 48
Vt. 335; Clark v. State, 12 Ohio 483; Gibson v. Gibson,
9 Yerg. 330; Potts v. House, 6 Ga. 324; Vanauken's Case,
2 Stock. Ch. 190; Brooke v. Townshend, 7 Gill. 10; De-
Witt v. Barley, 17 N. Y. 342; Hewlett v. Wood, 55 N. Y.
634; Rutherford v. Morris, 77 Ill. 397; Duffield v. Morris,
2 Harr. 384, Del.; Pidcock v. Potter, 68 Pa. 342; Doe
v. Reagan, 5 Blackf. 218; Dove v. State, 3 Heisk. 348;
Butler v. Ins. Co., 45 Ia. 93; People v. Sandford, 43 Cal.
29; State v. Klinger, 46 Mo. 229; Holcombe v. State, 41
Tex. 125; Territory v. Padilla, 8 N. M. 510; McClackey
v. State, 5 App. 320, Tex.; Norton v. Moore, 3 Head. 482;
Powell v. State, 25 Ala. 28; 1 Bishop Crim. Proc., sec.
536; 1 Wharton & Stille, Med. Jur., sec. 257; Whart. Ev.,
sec. 510; 1 Redf. Wills, ch. 4, part 2; May v. Bradlee,

127 Mass. 414; Com. v. Sturtivant, 117 Mass. 122; Weems v. Weems, 19 Md. 334; Abraham v. Wilkins, 17 Ark. 292; Beaubien v. Cicotte, 12 Mich. 459; 16 A. & E. Enc. 562.

Res Gestae. 1 Greenl. on Ev., 13 ed., par. 108; Barthelemy v. People, 2 Hill 248; Wetmore v. Mell, 1 Ohio 26; Shailer v. Bumstead, 99 Mass. 112; Whart. Crim. Ev., 8 ed., par. 262, 263; R. v. Gordon, 21 How. St. Tr. 542; U. S. v. Craig, 4 Wash. C. C. 729; U. S. v. O'Meara, 1 Cranch C. C. 165; State v. Wagner, 61 Me. 178; Underhill on Crim. Ev., 2 ed., par. 93; Sprinkle v. U. S., 141 Fed. 811; State v. Lane, 72 Atl. 39, N. J.; Com. v. Williams, 105 Mass. 62; Com. v. Vosburg, 112 Mass. 419; Russell v. Frisbie, 19 Conn. 205; Haight v. Haight, 19 N. Y. 464; Hunter v. State, 40 N. J. L. 495; Brown v. Com., 76 Pa. St. 319; Haynes v. Com., 28 Grat. 942; Comfort v. People, 34 Ill. 404; Dawson v. People, 90 Ill. 222; Hamilton v. State, 36 Ind. 281; Binns v. State, 57 Ind. 46; People v. Marble, 38 Mich. 117; State v. Porter, 34 Iowa 131; State v. Tilly, 3 Ired. 424; State v. Huntly, 3 Ired. 418; State v. Rawles, 65 N. C. 334; Mitchum v. State, 11 Ga. 615; Stiles v. State, 57 Ga. 183; Allen v. State, 60 Ala. 19; Head v. State, 44 Miss. 731; State v. Graham, 46 Mo. 490; State v. Testerman, 68 Mo. 408; State v. Thomas, 30 La. Ann. 600; State v. Winner, 17 Kas. 298; People v. Vernon, 35 Cal. 49; State v. Garrand, 5 Ore. 216; Hadley v. Carter, 8 N. H. 40; Nutting v. Page, 4 Gray 584; Jones v. Rigby, 41 Minn. 530; Corbett v. St. Louis I. M. & S. R. Co., 26 Mo. App. 621; Stockman v. State, 24 Tex. App. 387; Miller v. Ternance, 50 N. J. L. 32; Louisville, N. A. & C. R. Co. v. Wood, 113 Ind. 544.

"Contemporaneous." Alabama G. S. R. Co. v. Hawk, 72 Ala. 112; Mitchum v. State, 11 Ga. 615; Whart. Ev. 262; Harriman v. Stowe, 57 Mo. 93; Mayes v. State, 64 Miss. 329; Taylor Ev., 8 ed., par. 588.

Letters and conversation addressed to a person whose sanity is the fact in question, being connected in evidence with some fact done by him, are original evidence to show whether he was insane or not. 1 Greenl. Ev., par. 101; Welch v. Spies, 103 Iowa 389; State v. Fox, 25 N. J. L.

602; Murdock v. Courtenay Mfg: Co., 52 S. C. 428; Whart. Crim. Ev., 13th ed., par. 256, 257, 272; 24 A. & E. Enc. L., 2d ed, 664; Buel v. State, 104 Wis. 149; Mutual Life Ins. Co. v. Hillmon, 144 U. S. 296; Travelers Ins. Co. v. Mosley, 75 U. S. 8; Sparf v. U. S., 156 U. S. 58; Fidelity Mut. Life Asso. v. Mettler, 185 U. S. 321; Worth v. Chicago M. & St. P. R. Co., 51 Fed. 174; Seawell v. Berry, 55 Fed. 732; Rogers v. Manhattan L. Ins.- Co., 138 Cal. 291; Green v. State, 154 Ind. 662; Seifert v. State, 160 Ind. 470; Deer Island v. Winterport, 87 Me. 44; Com. v. Trefethen, 157 Mass. 189; Viles v. Waltham, 157 Mass. 544; State v. Hayward, 62 Minn. 497; Hale v. Life Indem. & Invest. Co., 65 Minn. 551; State v. Young, 119 Mo. 523; State v. Martin, 124 Mo. 527; State v. Montensen, 26 Utah 336; State v. Ramo, 76 Vt. 434.

Admissions.    1 Greenl. Ev., 13 ed., pars. 170-213; Wilson v. Calvert, 8 Ala. 757; Yarborough v. Moss, 9 Ala. 382; Dorlan v. Douglass, 6 Barb. 451, S. C.; Gresley on Ev. 13.

Confessions.    1 Greenl. on Ev., 13 ed., par. 218; Whart. Cr. Ev., 8 ed., par. 688; McCulloch v. State, 48 Ind. 109; Chambers v. State, 26 Ala. 59; Frank v. State, 27 Ala. 37; Haiston v. Hixen, 3 Sneed 691; State v. Phillips, 24 Mo. 476; State v. Brandstetter, 65 Mo. 149; Massey v. State, 1 Tex. App. 563; State v. Worthington, 64 N. C. 594; Griswold v. State, 24 Wis. 144; Brown v. State, 8 Tex. App. 139.

Declarations against interest.    1 Greenl. Ev., 13 ed., pars. 149, 150, 152; Whart. Crim. Ev., 8 ed., par. 461; U. S. v. White, 5 Cranch. C. C. 457; U. S. v. Macomb, 5 McLean 286; Brown v. Com., 73 Pa. St. 321; Summons v. State, 5 O. St. 325.

Invective and abuse by counsel.    State v. Proctor, 53 N. W. Rep. 424, Iowa; Perkins v. Burley, 64 N. H. 524; State v. Young, 105 Mo. 634; Geist v. Detroit City R. Co., 91 Mich. 446; Grosse v. Estate, 11 Tex. App. 377; Jackson v. State, 116 Ind. 464; State v. Jackson, 95 Mo. 652; Freeman v. Dempsy, 41 Ill. App. 554; Cluett v. Rosenthal, 58 N. W. Rep. 1009, Mich.; Fathman v. Tumiltry,

Territory v. McNabb, 16 N. M. 625.

34 Mo. App. ·237; Rudolph v. Landwerlen, 92 Ind. 34; Gulf etc. R. Co. v. Butcher, 83 Tex. 300; State v. Foley, 12 Mo. App. 431; State v. Ulrich, 110 Mo. 350; Moore v. State, 21 Tex. App. 666; State v. Fischer, 27 S. W. Rep. 1109, Mo.

Instructions. Hotema v. U. S., 186 U. S. 418; Davis v. U. S., 160 U. S. 485; People v. McCann, 16 N. Y. 58; Brotherton v. People, 75 N. Y. 159; O'Connell v. People, 88 N. Y. 377; Walker v. People, 86 N. Y. 81; Chase v. People, 40 Ill. 352; Hopps v. People, 31 Ill. 385; State v. Bartlett, 43 N. H. 224; People v. Garbutt, 17 Mich. 9.

Reasonable doubt. Chavez v. Territory, 6 N. M. 463; 23 A. & E. Enc. L., 2 ed. 955; Hopt v. Utah, 120 U. S. 430; Miles v. U. S., 103 U. S. 312; Dumbar v. U. S., 156 U. S. 199; Fuller v. State, 117 Ala. 200; State v. James, 37 Conn. 360; Battle v. State, 103 Ga. 53; State v. Kruger, 61 Pac. 464, Idaho; Little v. People, 157 Ill. 158; Siberry v. State, 133 Ind. 689; State v. Bodekee, 34 Iowa 520; State v. Brown, 55 Kas. 611; Jolly v. Com., 61 S. W. 49, Ky.; State v. Rounds, 76 Me. 124; People v. Cox, 70 Mich. 247; State v. Sauer, 38 Minn. 438; Rucker v. State, 18 So. Rep. 122, Miss.; State v. Robinson, 117 Mo. 469; Barney v. State, 49 Neb. 515; Kane v. Hibernia Ins. Co., 39 N. J. L. 706; State v. Whitson, 111 N. C. 695; Morgan v. State, 48 Ohio St. 371; Parzwald v. U. S., 7 Okla. 234; State v. Crockett, 39 Ore. 76; Com. v. Drum, 58 Pa. St. 9; State v. Powers, 59 S. Car. 215; Butler v. State, 7 Baxt. 35, Tenn.; Lenert v. State, ·63 S. W. 565, Tex.; State v. Neel, 23 Utah 544; State v. Gile, 8 Wash. 24; Territory v. Friday, 8 N. M. 204; Aguilar v. Territory, 8 N. M. 503.

New Trial. Whart. Crim. P. & P., 9 ed., pars. 793, 794, 801, 802.

FRANK W. CLANCY, Attorney General, and EDWARD A. MANN for Appellee.

Evidence as to defendant's prior peaceable disposition was properly excluded. 1 Wharton & Stille 373; Charter

Oak Life Ins. Co. v. Rodel, 95 U. S. 238; Territory v. Padilla, 8 N. M. 510; 1 Greenl. Ev., 4 ed. 532; Whart. Ev., 9 ed., secs. 417, 458, 460; Connecticut Mutual Life Ins. Co. v. Lathrop, 111 U. S. 619.

Opinion evidence as to sanity properly ruled out. Territory v. Padilla, 8 N. M. 510; Wharton's & Stille's Med. Jur., sec. 353; State v. Lehman, 2 S. D. 171; 23 Cyc. 345. Order of proof. Philadelphia & Trenton Ry. Co. v. Stimpson, 14 Peters 463; Ames v. Quimby, 106 U. S. 342; Insurance Co. v. Mercantile Co., 13 N. M. 241; 2 Elliott on Ev., sec. 886.

Threats. Underhill Crim. Ev., sec. 328.

No error as to langauge used by counsel to address jury. Johnston v. U. S., 154 Fed. 445; Chacon v. Territory, 7 N. M. 241; Ross v. State, 57 Pac. 924, Wyo.; People v. Hagenow, 236 Ill. 514; State v. Griffin, 87 Mo. 608.

Court's instruction as to insanity was free from error. Faulkner v. Territory, 6 N. M. 464; Territory v. Caldwell, 14 N. M. 535; Miera v. Territory, 13 N. M. 192; Territory v. Garcia, 12 N. M. 87; U. S. v. Densmore, 12 N. M. 96; Davis v. U. S., 160 U. S. 478.

Reasonable doubt. State v. Potts, 22 Pac. 754, Nev.; Commonwealth v. Harmon, 4 Pa. St. 273; Fife v. Com., 29 Pa. St. 438; Nevling v. Com., 98 Pa. St. 334; McMeen v. Com., 114 Pa. St. 305; Spies v. People, 122 Ill. 82; Watt v. People, 18 N. E. 349; People v. Worden, 113 Cal. 569; People v. Whitney, 55 Cal. 420; Bartley v. State, 53 Neb. 311; Leisenberg v. State, 60 Neb. 628; Bothwell v. State, 71 Neb. 747.

Alleged misconduct of counsel and instructions not properly reviewable. Territory v. McGrath, 16 N. M. 202; 114 Pac. 366.

STATEMENT OF THE CASE.

At a special term of the District Court of Guadalupe county, held February, 1911, the appellant, Edward McNabb, was tried for the murder of Herbert Hargis, by shooting him with a gun, on October 13, 1910. He was found guilty of murder in the first degree. A motion for a new trial was made and overruled. Judgment was

rendered on the verdict, and the defendant was sentenced to death by hanging; all at said term of court. From that judgment the defendant appealed to this court. In the opening statement to the jury for the defendant at the trial, his counsel admitted that he killed Hargis, and said the defense would be that the defendant had been informed Hargis was paying attentions to his, the defendant's wife, in his absence, as a traveling salesman, which had become the subject of gossip in the town where they lived, that he remonstrated with her on the subject, sent word to Hargis to leave the town, which he failed to do, finally became "mentally unbalanced" over the matter, and, at last, "in an instant of emotional insanity produced by the conduct of the deceased," and "in a fit of insanity superinduced by the provocation offered by the deceased," he shot him.

## OPINION OF THE COURT.

ABBOTT, J.—In view of our conclusion that there was reversible error in the trial, we disregard such assignments of error as do not appear to require specific discussion under the circumstances, and deal only with three which are of general importance. In the first it is claimed that the trial court imposed on the defendant the burden of proof as to the defense of insanity through this instruction: "Upon this subject you are instructed that the law presumes every man sane and responsible for his acts until the contrary is shown by the evidence, but, while this is true, still if there is evidence in the case tending to rebut this presumption sufficient to raise a reasonable doubt in your mind as to the sanity or insanity of the defendant, as hereinafter explained, at the time of the commission of the acts charged in the indictment, then it will be your duty to acquit the defendant." We understand the law governing the case to be that at the beginning of the trial there existed the legal presumption that the defendant was sane at the time he killed Hargis and at the time of trial. That presumption stood in place of proof of the fact, and if no evidence on that point had been offered on either side, the presumption

would have been conclusive. There could have been no "reasonable doubt" of the defendant's sanity on the part of the jury because there was the conclusive presumption on the one side, and no evidence on the other. The evidence introduced by the prosecution may, contrary to its intended effect, indicate to the jury the insanity of the one on trial. But it is correct to say that the evidence as a whole must raise in the minds of the jury a reasonable doubt, since there is no other way for such doubt to arise. Without evidence, as we have said, the presumption of sanity stands. "The presumption that all men are sane until the contrary appears, fills its mission when it relieves the prosecution of the necessity of proving the prisoner's sanity in the first instance, but, if in the progress of the trial, proof is adduced by either side tending to show the insanity of the accused, it devolves upon the prosecution to prove the sanity of the prisoner beyond a reasonable doubt." 15 A. & E. Ann. Cases 96, citing People v. Casey, 231 Ill. 261; Dudley v. State, 131 Wis. 178; U. S. v. Chisholm, 153 Fed. 808. We think the instruction sufficiently guarded in the respect in question since, in connection with it, the court gave this instruction: "And if you believe from the evidence or if you have a reasonable doubt from the evidence that at the time of the commission of the act charged in the indictment the mind of the defendant was so far affected with insanity as to render him incapable of distinguishing between right and wrong in respect to the killing, then you are instructed that the defendant will not be legally responsible for his act and you will in that case acquit him." It is well settled that the instructions must be construed together. Territory v. Garcia, 12 N. M. 87; U. S. v. Densmore, 12 N. M. 96; Miera v. Territory, 13 N. M. 192; Territory v. Caldwell, 14 N. M. 535.

The next question we consider arose from the attempt on the part of the defendant to introduce by his first witness on the defense of insanity evidence of fact bearing on the relations of Hargis with the defendant's wife, which facts counsel for the defendant stated he purposed to show by the witness were communicated by him to the defend-

ant a few days before he shot Hargis. Objection was made on the ground that the facts, if proved, were immaterial, which counsel for the defense conceded them to be, in themselves, but claimed the right to show that they were communicated to the defendant as facts and his mind was accordingly affected. The further objection was made that no foundation had been laid for the introduction of the evidence for the last named purpose. Counsel for the defendant agreed that the order of proof was subject to the discretion of the court, but said he purposed to show by the evidence communication to the defendant. The court ruled: "This matter is not material at the present stage of the proof. If you desire to withdraw this witness and later on————" Counsel for the defendant then said: "That simply means that I will have to put the defendant on the stand first." To which the court replied: "I think so." Defendant's counsel then said he was not prepared to have defendant take the stand, and "if that was to be the rule of procedure," he asked for a continuance until the next morning "to consult with the defendant," which request was granted. When the trial was resumed the defendant was not offered as a witness at first, but instead his wife was made a witness, and was asked if a short time before Mr. Hargis was killed she had a conversation with her husband in relation to him, to which question objection was made, that it was "incompetent, irrelevant and immaterial, no proper foundation having been laid," and the objection was sustained. Defendant's counsel then made proffer as follows: "By this witness the defendant offers to prove that previous to the death of Mr. Hargis, and within a period of about twenty days before the homicide, the defendant had a talk and conversation with her, in which he remonstrated with her for the attention that she had been paying up to that time to the deceased Hargis, and for receiving his visits at the defendant's home during the defendant's absence. That he stated to her that he knew about this matter and these visits and knew also that he had taken her to parties, and, as before stated that he objected to those things and stated to her

that she should desist from any further relations with the deceased. The defendant further offers to prove from this witness that from that time on there existed in the home of the defendant, and between the defendant and the witness, who is his wife, great unhappiness and infelicity." To this objection was made, and the offer was denied. Objections to the introduction of similar testimony by other witnesses were sustained. This, we think, was error. While it is true that the order of proof is largely subject to the discretion of the trial court, it cannot be exercised in a way to deprive a defendant of material rights. The defendant in this case had the right to refrain from testifying. The court, in effect, made the condition that he must testify before such evidence offered on his behalf by other witnesses would be admitted. The testimony of others that they had talked with him about his wife's relations with Hargis was equally competent with his own testimony to the same effect, and might well be thought more reliable than his own testimony, since he was testifying under jeopardy of conviction and the consequent death penalty. It is said in the brief for the Territory that as this evidence was excluded on a question of the order of proof it might have been again offered after the defendant had testified to the same effect, in corroboration of his evidence, and, as that was not done, the defendant has no ground of complaint. But, if it was improperly excluded in the first place, the defendant was not bound to repeat his proffer. His counsel may have thought that the time for introducing the evidence to good effect had gone by, or in the stress of the trial he may have forgotten to re-offer it. The defendant should not suffer for any of these reasons. This subject is discussed and for this court settled in Edlington v. U. S., 164 U. S. 361.

Several assignments of error relate to refusals by the court to admit testimony offered as to the insanity of the defendant at the time he shot Hargis. It is a subject on which the adjudicated cases are so conflicting that it is very difficult for a trial court to steer a course which will avoid the rocks, and on the whole, we think the trial

judge in this case did not succeed in doing it. Owing to the inability of all but now and then a person specially gifted, or trained, to describe adequately, the facts, circumstances and appearances from which he concludes that a certain person is sane or insane at a particular time, the courts have, as a rule, come to permit such non-expert witnesses to give the conclusion itself, when their opportunities for observation have been such as to warrant it. In Cyc., vol. 17, 139, it is said: "The inference of a properly qualified, unskilled observer, as to the sanity or insanity of a person observed by him is competent in a majority of the American states. The rule in this respect is the same in England, both in the ecclesiastical courts in proceedings involving the question whether the testator was of unsound mind and in the common law courts, and in Canada. There is a strong tendency to unanimity in admitting this class of evidence observable in the action of the courts." "The statement of inference must as a general rule be accompanied by a statement of the facts on which it is founded. Where the facts are not sufficient in the opinion of the court to give a reasonable basis for an inference, or sufficient admissible facts are not clearly stated, the witness is incompetent, or his evidence is entitled to but little weight. It is, however, inconsistent with the theory on which the rule rests—that of inability to state all the facts—to require that all the facts should be stated." In Redfield on Wills, 1, c. 4, pp. 2, 145, note 24, it is said: "There will now remain scarcely any dissentients among the elder states; and those of recent origin, whose discussions have been based upon the authority of the earlier discussions of some of the older states, which have since abandoned the ground, may also be expected to change." This view of the law has been adopted by the Supreme Court of the United States in Conn. M. L. Ins. Co. v. Lathrop, 111 U. S. 618; approved in Queenan v. Oklahoma, 190 U. S. 548, in which the court said: "But, as is pointed out in Connecticut Mutual L. Ins. Co. v. Lathrop, supra, it is impossible for a witness to reproduce all the minute details which he saw and heard, and most witnesses make but a meagre and halting effort. There-

fore, in this, as in many other instances, after stating such particulars as he can remember—generally, only the more striking facts—an ordinary witness is permitted to sum up the total remembered and unremembered impressions of the senses by stating the opinion which they produced. To allow less may deprive a party of important and valuable evidence that can be got at in no other way." See, also, Jones on Evidence, 1st ed., sec. 366.

The exclusion of the testimony of Mrs. McNabb, the wife of the defendant, may be taken, for our purposes, to illustrate this class of testimony excluded. She had been the wife of the defendant and had lived with him for eight years, and, although there had been for a short time estrangement between them on account of Hargis, she continued to see him "every day, or every other day" up to the time he shot Hargis. Probably no other person living had equal opportunity to observe and know him, and to notice whether any change occurred in him. She had the usual difficulty in confining herself to a description of the acts and circumstances from which she had apparently derived an impression, or opinion she was not allowed to give. Extracts from the record will best convey an understanding of what took place and its natural effect:

Q. How long have you been married to the defendant? A. Eight years.

Q. I will ask you, Mrs. McNabb, if for a period, say of fifteen or twenty days previous to the death of Mr. Hargis, you noticed anything peculiar in the conduct and character of your husband, the defendant in this case?

Mr. Mann: This is objected to as incompetent, irrelevant and immaterial, and that no proper foundation for the same has been laid; the rule being that where non-expert testimony is attempted to be introduced for the purpose of showing insanity, that the facts must first be stated before any opinion of the witness can be given.

The Court: Sustained, as calling for a conclusion of law.

Q. Well, now, during that period of time, state what was his conduct and general deportment and demeanor, if you observed it? A. I observed a great change in Mr.

McNabb, he didn't seem like the same man when he came home—

Mr. Mann: I ask that the answer of the witness be stricken as a conclusion, and not as a statement of facts from which the jury may draw any inference or conclusion as to the conduct of the defendant during the period stated.

The Court: Sustained.

To which ruling of the court the defendant, by his counsel then and there duly excepted.

Mr. Mann: Ask that the jury be instructed that this be withdrawn.

The Court: Gentlemen of the Jury, this last answer of this witness is stricken and will not be considered by you in arriving at a verdict.

Q.  State what particular acts in the conduct and general demeanor of your husband you noticed and observed during the period of time mentioned, that makes you say, that he was a changed man and was not the same man he had been before?

Mr. Mann: This is objected to as leading and suggestive, and for the further reason that it is assuming the fact not proven and based upon an answer which has been stricken from the record.

The Court: Sustained.

To which ruling of the court, the defendant, by his counsel, then and there duly excepted.

Q.  If you noticed anything, any actions in the conduct of your husband that were uncommon in him during the time that I have mentioned, that is, for fifteen or twenty days prior to the death of Mr. Hargis, state what they were?

Mr. Mann: This is objected to as leading and suggestive; as assuming a fact or state of facts not proven and calling for a conclusion of the witness.

The Court: Overruled.

Q.  (Repeated).  A. Yes, he was nervous and very much excited, and seemed to be mad, and, well—he didn't seem like himself.  He impressed me as being crazy, perfectly wild.

Mr. Mann: The Territory moves to strike all the answer of this witness as incompetent, irrelevant and immaterial; as mere conclusion of the witness and not containing any statement of facts upon which the jury may draw any inference as to the sanity or insanity of the defendant. (Answer read to the word "mad.")

The Court: So much of the answer as has been interpreted to you may stand in evidence; the remainder of the answer, where this witness stated that the defendant appeared crazy and wild, is stricken from the record, and will not be considered by you in arriving at a verdict.

Q. You have stated some acts or actions in the conduct of your husband that you have stated were uncommon in him. Can you state any others, any acts of his, or of his conduct that were uncommon in him?

Mr. Mann: This is confined to the same period of time?

Mr. Larrazolo: Within that period of time.

The Court: Mrs. McNabb, answer the question just propounded to you, but do not give any impression or opinion.

Q. Just what you noticed that was uncommon in him in addition to his being excited and mad and nervous as you have said? A. Well, as I stated, he didn't seem like the same man.

Q. That is not an answer to my question, Mrs. McNabb.

The Court: The last statement of this witness, gentlemen, is not to be considered by you as evidence. Now, don't give your opinion, or what it seemed to you; state merely the acts and conduct, if any, which were uncommon, out of the ordinary; definitely, specific acts during that fifteen days? A. He wasn't kind; he wasn't agreeable; he was nervous and highly excited.

Mr. Mann: I move that all of that be stricken as a repetition of the answer just given.

The Court: Overruled.

Q. Now, from your observations of the actions and conduct of your husband, the defendant in this case, during the period of time stated, that is, for fifteen or twenty

days prior to the death of Mr. Hargis, state what impression he made on you, as to whether he was sane or insane?

Mr. Mann: This is objected to as incompetent, irrelevant and immaterial, and for the reason that no proper foundation for this question has been laid. The testimony which has been given by this witness does not show any act, specific act, but merely that during the period he was nervous, excitable, angry and unkind, and the opinion of this witness as to his sanity or insanity would not have any weight more than the opinion of the jury upon the same statement of facts which the witness has related. I call the court's special attention—no specific act has been shown.

The Court: Sustained.

To which rulings of the court, defendant, by his counsel, then and there duly excepted.

Mr. Larrazolo: I desire to properly understand the meaning of the court. Do I understand that the court holds that non-experts cannot give either their opinion or their impression touching the sanity or insanity of the subject, after showing they were acquainted with them, and in position to observe their conduct?

The Court: I hold that this witness from her testimony, simply testifying that the defendant was nervous, excitable, mad and unkind to her, is not qualified to give her opinion as to whether the defendant was sane or insane at that time.

Q. Have you stated, Mrs. McNabb, all those things and acts, doings and sayings of your husband, during the time that I have mentioned, that you found to be uncommon in him? Have you stated them all, or can you describe them all?

Mr. Mann: This is objected to as leading and suggestive.

The Court: Overruled.

Q. Can you describe them all or can you not, say so. A. No, I cannot describe them.

Q. You may state, Mrs. McNabb, from the conduct and acts, doings and sayings of your husband, during

the period of time that I have mentioned, namely—within fifteen or twenty days immediately prior to the death of Mr. Hargis, what was your husband's appearance?

Mr. Mann: This is objected to for the reason that she has already stated all that she says she can state of the actions and conduct of her husband, and that she could not describe further his actions and conduct, and that the jury are the best judges from the action and conduct she has described as to the mental condition of the defendant, and, further, as it calls for a conclusion of the witness and not for facts.

The Court: Sustain the objection.

To which ruling of the court, the defendant, by his counsel, then and there duly excepted.

Q. . From your observations of your husband's conduct, of his actions and doings and sayings, and from his general appearance for a period of fifteen or twenty days prior to the death of Mr. Hargis, I want you to state what impression did you form in regard to the sanity or insanity of your husband?

Mr. Mann: Objected to for the same reasons heretofore given.

The Court: Same ruling. Sustained.

To which ruling of the court, defendant, by his counsel, then and there duly excepted.

We think this shows a violation of the principle laid down in the authorities already cited, and is at variance, besides, with Charter Oak L. I. Co. v. Rodel, 95 U. S. 238-239. While it is true that the trial court was charged with the duty of determining whether from the facts stated the witness should be allowed to give an opinion on the question of sanity, that is not an absolute power regardless of circumstances. In Cyc., vol. 17, p. 34, it is said: "The ordinary observer,—'the man in the street'—is qualified if it affirmatively appears to the presiding judge that he has had sufficient opportunities for drawing the inference which he proposes to state, and the capacity necessary to make and state it." And, on page 31, of the same volume: "The qualifications of a witness, as to knowledge

and capacity must be established as facts, to the reasonable satisfaction of the trial court, whose finding will not be reviewed except in case of manifest mistakes." But if "clearly erroneous" the ruling will not stand. Chateaugay Ore Co. v. Blake, 144 U. S. 476; Clary v. Clary, 24 N. C. 78; People v. Schmidt, 106 Cal. 48; 39 Pac. 204; Montana R. R. Co. v. Warren, 137 U. S. 348-353; Maughan v. Burns, 64 Vt. 316; Wright v. Williams, 47 Vt. 222.

From the statement of the reason of its ruling, given by the court, as above quoted, there is omitted the most important fact that the witness had lived with the defendant as his wife for eight years, and that it must have been by a comparison between her husband as she had known him for those eight years and as he had been in the few days preceding the shooting of Hargis, which led her to think he did not "seem like the same man," "did not seem like himself," "he impressed me as being crazy, perfectly wild;" all of which expressions were taken from the jury. Counsel for the defendant then asked the witness this question: "Now then, from your observation of your husband's general conduct, of his acts, his doings, sayings, during the fifteen or twenty days prior to the death of Mr. Hargis, what impression did those things make on you in regard to your husband being rational or irrational?" to which objection was made and sustained. Later in the trial the court permitted certain witnesses for the defendant to testify of the impression they formed immediately before the shooting of Hargis that the defendant was "irrational." In the brief for the Territory, it is contended that "insane" and "irrational" are synonymous words, and that as the evidence of "irrationality" was admitted, any error there may have been in excluding evidence of insanity was cured. The court itself did not treat the words as synonymous, since it refused to permit the witness Garlington to give his impression as to insanity from the acts and circumstances of which he had testified and permitted him to give it as to irrationality. Record, pp. 224-225. That may well have led the jury to think that there was a difference between "insanity" and "irrationality" in law, as there is in common speech. The instructions to the

642    SUPREME COURT OF NEW MEXICO,

Territory v. McNabb, 16 N. M. 625.

jury were calculated to strengthen such an impression, since the jury were told that they were to determine the "sanity" or "insanity" of the defendant, and were not instructed that the evidence they had heard of his "irrationality" could be considered on the question of his sanity, or that "irrationality" and "insanity" meant the same thing. Indeed the words "rational" and "irrational" were not used or referred to in the instructions. But even if the admission of evidence of irrationality cured the error of excluding evidence of insanity by the same witness, which under the circumstances stated we think it did not, there remains the fact that Mrs. McNabb was not permitted to give her opinion of either the insanity or irrationality of her husband, the defendant, at the time in question, although she must have known the relations between herself and Hargis better than any other person then living knew the details of her talk with her husband on the subject which resulted in estrangement between them, and in all probability had observed and knew better than any one else the effect on his mental condition of what he had heard or suspected about her relations with Hargis. Unfavorable as we may regard the defense of insanity in such a case—insanity which came and went with the occasion—it is a defense which the defendant had the right to make, and to have it safeguarded during the trial as carefully as if it had been any other defense. We conclude that, in the particulars we have named, the rights of the defendant were not fully preserved to him, and that he is entitled to another trial. The judgment of the district court is reversed and the cause remanded.

Mechem, J., did not participate in this decision.