534 P.2d 1112

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Carlos Gilbert LUJAN, Defendant-Appellant.**

**No. 9867.**

Supreme Court of New Mexico.

April 4, 1975.

Rehearing Denied May 13, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Don Klein, Jr., Associate App. Defender, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

MARTINEZ, Justice.

On December 19, 1972, defendant Carlos Gilbert Lujan was charged with murder, contrary to § 40A–2–1, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), to which he entered pleas of not guilty and not guilty by reason of insanity. The case was heard before a jury in the district court of DeBaca County. The jury found the defendant guilty of murder in the first degree and, on July 2, 1973, judgment was entered imposing life imprisonment upon the defendant.

On appeal defendant's first claim of error is that the trial court erred in admitting over objection evidence of statements made by defendant, without first determining defendant's sanity at the time the statements were made. This Court has recognized that an insane person is not capable of making a voluntary confession. State v. Padilla, 66 N.M. 289, 347 P.2d 312 (1959). Mental capacity to make a confession must be distinguished from the defense of insanity. Though a defendant might be legally insane, thus raising a defense to a criminal charge, he still might be legally competent to make a valid confession. The latter involves the finding of facts surrounding the criminal act, i. e., what happened, by whom, etc., while the former involves responsibility, is the defendant criminally liable for his actions.

The test used to determine mental competence to make a voluntary confession is aptly stated in State v. Sisneros, 79 N. M. 600, 605, 446 P.2d 875, 880 (1968):

"A reading of the confessions and of the testimony concerning the defendant's mental capacities and his actions after the commission of the crime clearly demonstrates that he had sufficient mental capacity at that time to be conscious of what he was doing, to retain memory of his actions, and to relate with reasonable accuracy the details of his actions. This is all that was required, insofar as his mental state or condition is concerned, to support the voluntariness of the confession. As stated by Professor Henry Weihofen:

'Incompetency at Time of Confession. *For a defendnt to make a valid confession, he must have had sufficient mental capacity at the time to be conscious of the physical acts performed by him, to retain them in his memory, and to state them with reasonable accuracy.* It has been held that when a confession is offered, if the defendant offers to prove that he was not mentally competent to make such confession, this issue should be tried before the confession is admitted. But mere mental instability or temporary lack of faculties only goes to the weight to be given the confession.' (Emphasis added). Weihofen, Mental Disorder as a Criminal Defense, 455 (Dennis & Co., New York, 1954)."

Defendant contends that once he objected to the proffered testimony, he had a right to an evidentiary hearing to determine the issue of involuntariness to confess due to insanity. An evidentiary hearing on this issue is constitutionally required when a defendant requests it or

when the defendant attempts to offer proof that he was not mentally competent to make the confession. State v. Sisneros, supra; State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). Defendant objected as follows:

"* * *: Now, if the Court please, I want to interpose an objection at this time.

"* * *: Now, we have raised, our defense is innocent by reason of insanity, and I think at this time since we raised that defense they have got to show that this defendant was sane at the time and knew what was going on in his mental condition at this time or his confession would not be admissible."

Was this objection sufficient to activate defendant's constitutional right to an evidentiary hearing? The record fails to show that defendant attempted to offer evidence that he was mentally incompetent to make the confessions. His objection seems to demand that the state meet some burden of proving sanity at the time of the confession. However, we hold that a confession is presumed to be given by a person meeting the mental competence test of Sisneros, supra, and the burden is on the defendant to show some evidence to the contrary. Here, defendant failed to demand an evidentiary hearing and did not show that he had evidence to submit on his incompetence to confess. There is no evidence in the record of coercion, prolonged interrogation, or anything which might make the confession involuntary. Under these circumstances, it was proper for the court to admit the evidence of the confession, along with evidence of the defendant's state of mind at the time of the confession, to allow the jury to decide the weight to be accorded the confession. We can only assume that an evidentiary hearing here would have been futile.

Secondly, defendant contends that the trial court erred in admitting over objection lay witness opinion testimony as to defendant's sanity at the time of the offense. New Mexico courts have repeatedly held that opinion testimony of laymen may be received on the question of insanity. Territory v. McNabb, 16 N.M. 625, 120 P. 907 (1911); State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. Victorian, 84 N.M. 491, 505 P.2d 436 (1973); State v. James, 85 N.M. 230, 511 P.2d 556 (Ct. App.1973). In this regard, we have stated that it is the duty of the trial court to pass upon the qualifications and opportunity of the lay witness to form such an opinion. Territory v. McNabb, supra. The record here clearly shows that the trial court made adequate inquiry as to the opportunity and knowledge of the witness to form an opinion on defendant's insanity, and that the trial judge, using his discretion, properly permitted the witness to testify. We should note, parenthetically, that Rule 701 of the New Mexico Rules of Evidence, which was admittedly not in effect at the time of this trial, now provides adequate guidance on this issue.

The defendant also alleges that the court erred in failing to instruct the jury as to the tests of competence to stand trial. At the time of trial, Rule 35(b) of the New Mexico Rules of Criminal Procedure, § 41–23–35(b), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973), provided:

"(b) *Determination Of Present Sanity.* Whenever it appears, by motion or upon the court's own motion, at any stage of a criminal proceeding that there is a question as to the mental competency of the defendant to stand trial, any further proceeding in the cause shall be suspended until the court, without a jury, determines this issue. * * *"

A review of the record demonstrates that the trial court followed the proper procedure. The trial proceedings were suspended, a full hearing, outside the presence of the jury, was conducted and the trial judge found the defendant competent to stand trial. Defendant contends that despite Rule 35(b), he is still entitled

to an instruction on competence, based on § 41–23–41(a), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973): "(a) The court must instruct the jury upon all questions of law necessary for guidance in returning a verdict." However, we hold that the competence issue does not come under the dictates of Rule 41(a); it is governed by Rule 41(g):

"(g) Except as provided in paragraph (a) of this rule, for the preservation of error in the charge, objection to any instruction given must be sufficient to alert the mind of the court to the claimed vice therein, or, in case of failure on any issue, a correct written instruction must be tendered before the jury is instructed."

■ Defendant did not offer an instruction on competence, nor did he object to the instructions given the jury. Therefore, this issue was not properly preserved for appeal. Finally, Instruction 15, though dealing mostly with the defense of insanity, did state:

"You must, however, believe to your satisfaction and beyond a reasonable doubt * * * that the defendant was sane on the date of this trial."

■ Defendant's fourth point on appeal is the trial court's refusal to permit testimony by defendant's expert witness regarding the validity of lay opinion on defendant's mental condition. Though the trial judge should probably have allowed the question to be answered by the expert, defendant was denied no substantial right, nor was he substantially harmed such that he was denied a fair trial. Also, the record clearly shows that the expert witness had an opportunity after the disallowed question to state the difficulty a lay person would have in forming a valid opinion as to defendant's mental condition.

■ Finally, defendant argues that the "presumption of sanity" as established in New Mexico deprives him of due process of law. The trial court's Instruction 15 stated:

"You are instructed that in the absence of evidence of insanity, sanity is assumed to exist without evidence of its existence. When evidence is received which tends to show that the accused was insane at the time of the alleged offense, then an issue is raised as to the mental condition of the accused, and it becomes your duty to determine such issue from the evidence independent of the assumed sanity. If you, however, disbelieve the evidence tending to show insanity, then the defendant is presumed to be sane without direct evidence of the existence of sanity. You must, however, believe to your satisfaction and beyond a reasonable doubt that the defendant was sane on December 5, 1972, and also that the defendant was sane on the date of the trial."

Defendant concedes that the instruction correctly states the law in New Mexico. See State v. Wilson, 85 N.M. 552, 514 P.2d 603 (1973). The defendant believes that using the presumption a verdict of sanity, which is an element of the crime to be proved by the state beyond a reasonable doubt, can be reached even though no evidence was offered on the issue by the prosecution. He argues that this denies him due process of law, as provided by the Fourteenth Amendment of the United States Constitution, since the state does not have to prove every element of the crime.

We do not feel that defendant's arguments supporting a violation of due process are compelling. The presumption gives the defendant the burden of going forward with evidence of insanity. If he meets this burden, his sanity must be proved by the state beyond a reasonable doubt. If he fails to meet this burden, by introducing no evidence of insanity, by offering evidence disbelieved by the jury, or by offering evidence insufficient to rebut the presumption, the presumption of sanity decides the issue. This is the law in about half of the states. See 17 A.L.R.3d 146 (1968); 21 Am.Jur.2d Criminal Law § 50 (1965). We fail to see how this denies the defendant due process of law.

In view of the foregoing discussion, we are compelled to affirm the decision of the lower court in every respect.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.