IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                    **NO. 28,955**

MICHAEL BERRY,

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K Wilson, District Judge**

Gary K. King, Attorney General
Santa Fe NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant



**MEMORANDUM OPINION**

**CASTILLO, Judge.**

    Defendant appeals his convictions for criminal damage to property and battery.

We issued a notice of proposed summary disposition, proposing to affirm. Defendant

has filed memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we uphold Defendant's convictions.

First, Defendant challenges the sufficiency of the evidence to establish that he was sane at the time he committed the offenses. [MIO 3-7] When examining a challenge to the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the State, resolving all conflicts and indulging all reasonable inferences to uphold the verdict. *State v. Sanders*, 117 N.M. 452, 456, 872 P.2d 870, 874 (1994). "This [C]ourt does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict. The fact finder may reject defendant's version of the incident." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (citation omitted).

The State appears to have relied to some extent on the presumption of sanity. [DS 5] This is a permissible approach. "Under our law the defendant is presumed to have been sane at the time of the alleged crimes, which casts upon him the necessity of going forward with the evidence tending to show that he was insane. This presumption of sanity continues to operate through the trial." *State v. Hartley*, 90 N.M. 488, 489-90, 565 P.2d 658, 659-60 (1977) (citations omitted). Moreover, "the presumption of sanity does not disappear and is not extinguished by evidence tending to show insanity." *State v. Wilson*, 85 N.M. 552, 555, 514 P.2d 603, 606 (1973).

Accordingly, the State may elect to rely on the presumption of sanity, even if the defense has introduced evidence tending to show insanity. *See id.* (observing that the State is not required to affirmatively prove sanity; rather, it may elect to rely on the presumption of sanity); *State v. Moore*, 42 N.M. 135, 155, 76 P.2d 19, 31 (1938) ("When . . . evidence is received which tends to show that the accused was insane at the time of the alleged offense, then . . . an issue is raised as to the mental condition of the accused, and it becomes *the duty of the jury* to determine such issue from the evidence independent of the presumption of sanity. If the jury, however, disbelieves the evidence, then the presumption stands." (emphasis original)).

In addition to relying on the presumption of sanity, the State also appears to have presented indirect evidence of Defendant's sanity at trial. As we previously observed, a number of eyewitnesses testified that Defendant pursued his girlfriend to the home of a neighbor, where he instigated a fist fight. [DS 2] The witnesses then saw Defendant attack a vehicle and the windows of a trailer with a tire rim, and assault a truck with his fists, feet, and a gas grill. [DS 3] The State also elicited evidence that Defendant was angry and intoxicated at the time. [DS 5] In the course of cross-examination, two expert witnesses appear to have acknowledged that Defendant's conduct could have been the product of his anger and intoxication, rather than insanity. [RP 94-96, 104, 106] Finally, we gather that the State presented evidence

3

of a course of conduct surrounding the violent episode, including retrieving and then hiding destructive tools and/or weapons and subsequently attempting to evade the police, which suggested cognition and control. [RP 96-97, 103] We conclude that the foregoing evidence, together with the presumption of sanity, provides adequate support for the jury's ultimate determination that Defendant was sane at the time he committed the offenses.

Defendant urges the Court to reverse, based on the testimony of the two expert witnesses who opined that Defendant was not sane at the time of the underlying incidents. [DS 4-5; MIO 2-4, 6-7] However, as we previously observed, the jury was at liberty to reject their opinions and arrive at their own conclusions about Defendant's sanity. *See State v. Noble*, 90 N.M. 360, 364, 563 P.2d 1153, 1157 (1977) ("[T]he rule in New Mexico is that expert testimony on the issue of insanity is not binding of the factfinder and that the jury may believe or disbelieve expert testimony as it chooses."); *Moore*, 42 N.M. at 160, 76 P.2d at 34 ("It is for the jury to reach a conclusion as to the sanity or insanity of the accused. The province of the experts is to aid the jury in reaching a conclusion. Their opinions are not to be taken as conclusive. The judgments of experts or the inferences of skilled witnesses, even when unanimous and uncontroverted, are not necessarily conclusive on the jury, but may be disregarded by it."); *and see, e.g.*, *State v. Dorsey*, 93 N.M. 607, 610, 603 P.2d

4

717, 720 (1979) (upholding a jury's rejection of an insanity defense despite the fact that the defense was supported by the testimony of two psychologists and one psychiatrist); *State v. Gardner*, 85 N.M. 104, 107-08, 509 P.2d 871, 874-75 (1973) (upholding the jury's rejection of an insanity defense, despite the testimony of two experts to the effect that the defendant was insane and despite the State's failure to present conflicting evidence in rebuttal, where aspects of the experts' testimony were conflicting and unclear); *State v. Victorian*, 84 N.M. 491, 496, 505 P.2d 436, 441 (1973) (observing that neither the court nor the jury is required to accept the opinions of psychiatrists or psychologists as to a defendant's probable mental condition or capacity); *Mireles*, 2004-NMCA-100, ¶ 35 ("It [is] the fact-finder's prerogative . . . to reject the testimony of both experts and determine that Defendant was neither legally insane nor mentally ill."). In light of these well-established principles, we decline Defendant's invitation to re-weigh the testimony and reject his challenge to the sufficiency of the evidence.

By his second issue, Defendant seeks to challenge the propriety of the State's reliance on the presumption of sanity, contending that this approach violates the presumption of innocence and effectively permits the State to evade its burden of proving guilt beyond a reasonable doubt. [MIO 8-9] However, as we previously noted, Defendant's argument runs afoul of controlling precedent. *See State v. Lujan*,

87 N.M. 400, 403, 534 P.2d 1112, 1115 (1975) (concluding that the recognition of the presumption of sanity does not impermissibly shift the burden of proof to the defense or otherwise violate due process). As illustrated by the preceding discussion, the presumption of sanity is a longstanding fixture of our jurisprudence, which has been consistently recognized and applied by the New Mexico Supreme Court. Because we are not at liberty to revisit the matter, *see Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that the Court of Appeals is bound by Supreme Court precedent), *overruled on other grounds by State v. Reynolds*, 98 N.M. 527, 650 P.2d 811 (1982), we reject Defendant's second argument.

Third and finally, Defendant claims ineffective assistance of counsel. [MIO 9-12] "To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below that of a reasonably competent attorney, and that the defendant was prejudiced by the deficient performance." *State v. Stone*, 2008-NMCA-062, ¶ 27, 144 N.M. 78, 183 P.3d 963. "The burden of proof is on the defendant to prove both prongs." *Id.*

Defendant bases his claim of ineffective assistance on his attorney's failure to introduce records of his history of psychiatric care into evidence. [MIO 9] However, we have no way to determine whether the introduction of the hospital records would have benefitted the defense. Because counsel's failure to introduce the records may

6

have been strategic, and because the prejudicial effect of that election is entirely speculative, Defendant has not made out a prima facie case of ineffective assistance. *See generally State v. Jacobs*, 2000-NMSC-026, ¶ 49, 129 N.M. 448, 10 P.3d 127 ("A prima facie case for ineffective assistance of counsel is not made if there is a plausible, rational strategy or tactic to explain the counsel's conduct."); *Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (holding that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel).

Despite his failure to make a prima facie showing of ineffective assistance of counsel, Defendant urges the court to remand for an evidentiary hearing. [MIO 11-12] We decline to do so. *See generally State v. Herrera*, 2001-NMCA-073, ¶ 35, 131 N.M. 22, 33 P.3d 22 ("A remand for an evidentiary hearing is appropriate only when the record on appeal establishes a prima facie case of ineffective assistance of counsel."). To the extent that Defendant may wish to pursue the matter further, we suggest that habeas corpus proceedings would be a more appropriate avenue. *See generally State v. Martinez,* 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

7

For the reasons stated, we affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**