276 P.2d 514

**STATE of New Mexico, Plaintiff and Appellee,**

v.

**Morgan LEACH, Defendant and Appellant.**

**No. 5799.**

Supreme Court of New Mexico.

Oct. 21, 1954.

Rehearing Denied Dec. 3, 1954.

Avelino V. Gutierrez and Alexander F. Sceresse, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., Fred M. Standley, Asst. Atty Gen., for appellee.

LUJAN, Justice.

The defendant (appellant) was convicted in the District Court of Bernalillo County of the crime of rape and his punishment was fixed by imprisonment in the penitentiary for a term of not less than fifteen years nor more than twenty years. He appeals from the judgment rendered in pursuance of the verdict.

The record discloses that the act complained of took place in a gully on the outskirts south of the city of Albuquerque at about 10:30 o'clock in the forenoon of May 8, 1953. Prosecutrix had never met her assailant before that day. However, at his invitation she accepted a ride in his automobile under the pretext that he would drive her down town where she intended to go, but instead of so doing he drove to a place where he ravished her. At and prior to the alleged attack the defendant choked the prosecutrix and while unconscious he perpetrated the act of sexual intercourse. Upon recovering consciousness she walked back towards her home and stopped at a neighbor's house where she reported the incident. The man of the house called the police and upon their arrival they questioned prosecutrix and then took her to police headquarters for further investigation. On May 11, 1953, the police officers took twelve photographs of different men including the defendant to her home, where upon an examination of the different photographs she identified the defendant as being the man that had committed the alleged crime. Defendant was apprehended about 6:00 o'clock that evening and at 8:40 o'clock the prosecutrix again identified the defendant from a lineup of seven men. She again identified defendant at the trial by pointing him out.

A reversal of the judgment is sought on the sole ground that the trial court erred in admitting a photograph of the defendant in evidence over his objection. This picture contained a placard placed around defendant's neck bearing the following words

and figures: "Albuquerque Police Department, 13252, 10–4–49" and on the reverse side the following handwriting: "Morgan Leach, 21, 5' 8" fair Compl., Lt. Brn. Hair—green eyes, 147# med. Build." These notations were placed on the picture by the police department in 1949 at the time the defendant was arrested for vagrancy.

The defendant was dressed in civilian clothes when photographed and not in prison garb.

The claim is made by defendant that the photograph introduced in evidence, over his objection, should have been excluded from the jury on the ground that it was inflammatory and would unduly prejudice defendant. In presenting his objection to admission of the proferred exhibit, counsel for defendant said: "We don't know what it represents and that it is inflammatory and will prejudice the jury." The Attorney General in meeting the ground of error thus asserted says we should not consider same because as interposed, counsel for defendant failed to specify the precise ground upon which they now insist the exhibit was inadmissible, namely, that it tended to show a previous criminal record on defendant's part when his character had not been put in issue. The case of Cooper v. State, 182 Ga. 42, 184 S.E. 716, 104 A.L.R. 1309, is cited along with an annotation of the subject at 108 A.L.R. 1425; also 20 Am.Jur. 608, § 728, and Id., 617, § 741.

We are not inclined to follow the suggestion of the Attorney General by disposing of the question presented on this basis. There is another rule applicable here, of a less technical nature and more frequently employed, which removes the question from the field of reversible error. To elucidate, the prejudice to defendant, whatever it was, lay in the fact that it exhibited him before the jury in a rogues' gallery picture, thereby suggesting a previous criminal record of some sort. The fact is, however, that the impression on the jury that such was the case, to-wit, that he had a previous police record, had already been communicated to it through certain witnesses as they testified for the state about the photograph as it was exhibited to them by the district attorney. This testimony went in without objection by the defense. The picture itself could only convey information already admitted before the jury without objection, touching its nature and character as a police record. Under such circumstances, we do not feel disposed to make it the basis for reversal and the award of a new trial. State v. Heisler, 58 N.M. 446, 272 P. 2d 660.

It follows from what has been said that the judgment should be affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and SEYMOUR, JJ., concur.