412 P.2d 4

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard VELASQUEZ, Defendant-Appellant.**

**No. 7954.**

Supreme Court of New Mexico.

March 7, 1966.

---

Harry E. Stowers, Jr., Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Justice.

The appellant was convicted by a jury of Bernalillo County of two counts of aggravated assault upon two priests, Father Biasio and Father Martinelli, then residing in San Jose Parish Catholic Church, 2401 Broadway, Albuquerque, New Mexico, and from the judgment imposing sentence he appeals.

On Sunday morning, March 22, 1964, the appellant appeared at the church at 6:30 a. m. ostensibly to inquire of someone who would perform a marriage ceremony for him. He rang the church bell and Father Biasio responded. When he stated the purpose of his visit he was told that it could not be performed that day but that he might return the next day. He returned Monday and at that time he met Father Martinelli and gave his name as Garcia. Father Martinelli declined to officiate for him because he was not a resident of that parish.

The next day appellant was seen loitering in the church and upon being accosted by Father Biasio he gave no plausible excuse for his appearance in the church.

On Wednesday, March 25, 1964, Father Biasio was awakened at 5:20 a. m. by a noise at a window. Turning on a light, there stood the appellant, a stocking pulled over his head and armed with a pistol and an ax. Father Biasio asked him what he wanted and he responded by asking where the other Father was. He was told that Father Martinelli was in the rear. He drew the gun on Father Biasio and forced him to retreat towards the room occupied by Father Martinelli. Father Biasio called Father Martinelli and informed him that appellant had a gun. Father Martinelli immediately notified the police and then came to the rescue of Father Biasio. While maneuvering the appellant into a corner of the room he dropped the ax. They grabbed his hands and relieved him of the gun. The appellant had attempted to fire the pistol but it failed. While waiting for the police appellant asked Father Biasio to forgive him. He was advised that this was not the correct time to seek forgiveness. Appellant then seemed subdued and Father Biasio left the room to see if the police had arrived.

After Father Biasio had left the room, the appellant, still in a kneeling or crouched position, suddenly arose with an open knife in his hand and drew it on Father Mar-

tinelli. A scuffle ensued between them. Father Biasio heard the commotion, rushed in and appellant was disarmed again and then held until the arrival of the police. Neither Father recognized the appellant until the police arrived and removed the mask from his face. Incidentally, in an adjoining room there was located a large safe.

The defense interposed was "not guilty" and "not guilty by reason of insanity."

■ Appellant first contends that he was denied due process because his psychotic condition at the time of trial prevented his giving to his counsel information and assistance vitally essential to his defense. The record rebuts this contention. Two qualified psychiatrists testified, Dr. Goldbloom for the appellant and Dr. Jacobson for the state. While Dr. Goldbloom testified at length, he did not testify that appellant by reason of his mental illness was unable to assist his counsel in his defense. On the other hand Dr. Jacobson testified: "I arrived at several conclusions. One, basically that this individual was not psychotic. Two, that he was suffering from a personality disorder, or a character disorder, which as most of these things in existence has been in existence since his time on earth, but with overt difficulty as far as the law was concerned, beginning at age eleven, I believe or twelve, somewhere in that vicinity. Third, I attempted to answer the question as to whether or not

this individual knew the difference between right and wrong at the time that I was examining him, and I concluded at that time that he did; also whether or not he was sufficiently in contact to be able to assist his attorneys in his defense and my conclusion again was that he was able to do so."

■ With regard to the issue of insanity at the time of trial Dr. Goldbloom testified that the appellant was mentally ill but he did not testify that his illness was with psychosis. His evidence was insufficient to raise a doubt as to his sanity. It did not tend to support his plea of not guilty by reason of insanity, nor did he submit or request an instruction with regard to this issue.

■ The point is made that the court erred in failing to conduct a preliminary hearing on the question of insanity when that issue was raised, citing § 41–13–3, N.M.S.A., 1953 Comp. What we have said disposes of this claimed error. Having concluded that the evidence was insufficient to raise a doubt as to his present sanity, the court was under no duty to conduct a preliminary examination or to submit the issue to the jury. Compare State v. Folk, 56 N.M. 583, 247 P.2d 165; In re Smith, 25 N.M. 48, 176 P. 819, 3 A.L.R. 83; State v. Upton, 60 N.M. 205, 290 P.2d 440.

**52**

Appellant complains of the refusal of the court to afford him a private hearing. Before the trial opened he made the following motion.

"At this time I would like to make a motion that is somewhat unusual. I would like to move at this time that this trial be held behind closed doors with only the people necessary being present, the general public excluded, for this reason: We feel we have a defense on this matter that relates directly to the fact that some of the witnesses which we would have to call *it* would impose a situation of serious physical danger not only this defendant, but possibly his family. We feel we cannot put these witnesses in public here without raising these possibilities and without these witnesses we feel our defense might not be adequate. The defendant does not want to endanger his family."

We fail to see error in denying the motion. Whether the general public may be excluded from a trial is a matter resting within the discretion of the trial court and the record discloses no abuse of discretion here. State v. Gilbert, 37 N.M. 435, 24 P.2d 280. Compare Kirstowsky v. Superior Court, 143 Cal.App.2d 745, 300 P.2d 163.

Appellant moved for a new trial based on a report of Dr. A. A. Hovda, also a practicing psychiatrist. The denial of this motion is claimed as error. We have considered the report; it is not only cumulative but supports Dr. Jacobson's testimony. The court did not abuse its discretion in denying the motion. State v. Fuentes, 67 N.M. 31, 351 P.2d 209.

The judgment should be affirmed, and it is so ordered.

CARMODY, C. J., and NOBLE, J., concur.