**Basilio David MAEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8828.**

United States Court of Appeals Tenth Circuit.

Sept. 29, 1966.

Joseph C. Jaudon, Lakewood, Colo., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and CHILSON, District Judge.

PER CURIAM.

In this § 2255 proceeding petitioner contends that his guilty plea to narcotic charges was not free and voluntary because entered under the duress of with-

---

drawal pains associated with his drug addiction—because he "wanted to get everything over with." The trial judge had no doubt of the petitioner's addiction when he was arrested on April 29, 1963, or that he suffered withdrawal pains for which he sought medical aid. The judge observed, however, that at the time of the plea four days after his arrest there was no outward manifestation of withdrawal pains; that all of the petitioner's rights were carefully explained to him and that he entered his plea with full knowledge of the nature of the charges and of his right to be represented by counsel.

When two weeks later the petitioner was returned for formal sentencing he was asked if he had anything to say "in mitigation of sentence or otherwise." He answered that he would "plead guilty to count two." He was then reminded that he had already pleaded guilty to all four counts but was told that sentence would be imposed on count four. After a colloquy between the court, government counsel and petitioner it was agreed to impose sentence on count two and dismiss the other three counts. When asked if he had anything else to say, petitioner answered "I would like to say if it is possible, I would like to get some hospitalization for my habit, and also I would like to let the court know I am on parole from the state for three years." After some further discussion the court formally imposed sentence on count two and recommended "treatment for his addiction to heroin or marihuana or both." The other three counts were dismissed.

In this post conviction proceeding two doctors testified that the petitioner probably suffered withdrawal pains for a period of time after he was arrested. One doctor testified that the greatest pain was four to seven days after the withdrawal. Another doctor testified positively that in his opinion the petitioner knew exactly what he was doing when he waived his right to assistance of counsel and entered his plea; that the only indication of compulsion of any kind

was the petitioner's anxiety to be sentenced. Neither doctor testified that his mental and physical condition was such as to induce an involuntary plea and there was nothing in the record to indicate his plea was in any way induced by promise of medication or any other form of relief.

■ The fact that the petitioner was an addict who had been deprived of drugs except tranquilizers for four days prior to the entry of his plea of guilty does not render him per se incompetent to plead to the charges against him. Cf. United States v. Tom, 2 Cir., 340 F.2d 127. The question of competency to plead or to stand trial is usually one of fact. See Roddy v. United States, 10 Cir., 296 F.2d 9.

■ The sentencing court was convinced that petitioner intelligently entered his guilty plea without compulsion of any kind, and we agree.

The judgment is affirmed.