**People of the State of Illinois, Defendant in Error, v. James Ogden, Plaintiff in Error.**

**Gen. No. 66–2.**

Third District.

December 16, 1966.

Harry H. Sonnemaker, of Peoria, for appellant.

George R. Kennedy, State's Attorney, of Peoria, for appellee.

CORYN, P. J.

This is an appeal by the defendant, James Ogden, from a judgment of conviction entered upon a verdict finding him guilty of armed robbery. The defendant argues here that the evidence failed to establish his guilt beyond any reasonable doubt, and that his conviction was obtained by the admission of prejudicial and inflammatory evidence. We have thoroughly examined the report of proceedings, and find that the evidence is clearly sufficient

to establish that defendant committed the crime of robbery at the Meadowbrook Dairy Store in Peoria on September 28, 1963. The victim of this robbery, store manager John Foster, identified the defendant and his accomplice, Jerry Horner, as the persons who robbed him, and Foster described the event in detail. Thomas Morris, a thirteen-year-old boy, testified that Ogden and Horner, on the evening of the crime, visited the home where he resided with his mother. He stated that they left but returned about an hour later, at which time he observed them counting some money, and saw Ogden with a watch that matched the description of the watch taken from Foster. Other witnesses testified for the State, and they tended to corroborate the testimony of Foster and Morris. Although defendant made no objection at the trial to the competence of the witness, Morris, on account of his minority, it is argued here that because of witness' minority, little or no weight can be given to his testimony. We do not agree. The child was examined at the trial as to his understanding of the oath, and his answers to these questions reflect a sufficient understanding. His testimony also demonstrates him to be a person of ordinary intelligence. People v. Dilworth, 67 Ill App2d 384, 214 NE2d 9.

 John Foster was questioned by the State about the investigation conducted by the Peoria police concerning the robbery. In response to the question, "What did Officer Maxwell do when he was in this store on that date?" he replied, "He had a mug book, and he told me to go through it." This reference to a "mug book" was objected to by defendant, who moved for a mistrial. The trial court overruled the objection and denied the motion. The witness then testified that he had identified Ogden and Horner from the photographs shown him by Officer Maxwell, which photographs were neither offered nor admitted in evidence. The defendant argues that the

use of the term "mug book" in Foster's reply immediately prejudiced the jury against him, as this reference inferred that he had a criminal record.

The identification of accuseds, by victims of crimes, through the use of police photographs of known perpetrator of crimes is a time honored practice in the investigation of crimes and the detection of criminals. In People v. Maffioli, 406 Ill 315, 94 NE2d 191, the Supreme Court approved the admission of photographs marked with a police legend, for the reason that these photographs were not received in evidence for the purpose of proving prior arrests or convictions, but rather as being photographs from which the defendant was identified by the victims. Although we do not favor the use of the term "mug book" in a criminal trial, the ruling of the Maffioli case is an approval of the use of photographs as a tool for identification of suspects. Moreover, the photographs in the case at bar were not admitted or offered in evidence, and no reference was made by any witness to defendant's prior record. Accordingly, we are of the opinion that the use of this term by the witness Foster, in response to a question, did not constitute reversible error.

Defendant contends that evidence by the State that he resided with a woman, not his wife, was highly prejudicial as an attempt to persuade the jury by showing him to be a person of bad morals. We have examined the record and find that no such evidence was elicited or offered.

The judgment of the Circuit Court is accordingly affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.