436 P.2d 519

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**David LUCERO, Defendant-Appellant.**
**No. 84.**

Court of Appeals of New Mexico.
Jan. 5, 1968.

Samuel A. Francis, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant contends his conviction should be set aside because he was incompetent to stand trial. This contention cannot be decided in this appeal.

The record does not show that the question of defendant's competency was ruled on by the trial court. Generally, to be an issue on appeal, the question must have been decided by the trial court. State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963). Under this general rule no issue is presented for decision.

■ As exceptions to the general rule, certain issues may be raised for the first time on appeal. See DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966). For purposes of this opinion, we assume that the question of defendant's competency can be raised for the first time on appeal.

■ The question of competency to stand trial is usually a question of fact. Maez v. United States, 367 F.2d 139 (10th Cir. 1966). We are not a fact finding body. Gruschus v. C. R. Davis Contracting Co., 77 N.M. 614, 426 P.2d 589 (1967). If the question of defendant's competency is first raised here as a question of fact, we have no issue for decision. We will not originally determine a question of fact. Guidry v. Petty Concrete Co., 77 N.M. 531, 424 P.2d 806 (1967).

■ If the question of defendant's competency is first raised here as a question of law, we still have no basis on which to decide the question. Our consideration of the question is limited to those matters disclosed by the record. State v. Buchanan, Supreme Court No. 8431, opinion issued December 11, 1967, and not yet reported; State v. Frederick, 74 N.M. 42, 390 P.2d 281 (1964). Further, the record must present some facts on which to decide the question. Without some knowledge of the facts, we have no basis upon which to determine the legal issue. See DesGeorges v. Grainger, supra; Guidry v. Petty Concrete Co., supra.

There is nothing in the record on which to determine the question. There is no evidence concerning defendant's competency to stand trial.

The only items in the record referring to defendant's mental condition are: (1) Defendant's letter to the trial judge indicating that he wished to appeal on the ground that "defendant has heretofore been adjudged a mentally ill person." (2) Motion for and order granting defendant a mental examination before he was transferred to the penitentiary.

Neither of these references present facts on which defendant's competency to stand trial, as a legal issue, could be decided.

■ Even if we assume as a fact that defendant had previously been adjudged a mentally ill person, such does not establish that defendant was not competent to stand trial. The test for competency to stand trial is stated in State v. Folk, 56 N.M. 583, 247 P.2d 165 (1952); and State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955). One may be mentally ill and still not meet that test. State v. Velasquez, 76 N.M. 49, 412 P.2d 4 (1966). See Guttmacher and Weihofen, Psychiatry and The Law, chs. 16, 17 and 18. Compare the test for competency to stand trial with the definition of a mentally ill person in § 34–2–1, N.M.S.A. 1953.

■ Even if we assume that defendant was given a mental examination, nothing in the record shows the results of that examination.

We hold only that the record presents no issue for decision in this appeal. Thus, defendant is not foreclosed from pursuing the question of his competency to stand trial by appropriate proceedings.

The appeal is dismissed. It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.