## JOHN HENRY AUSTIN *v.* STATE OF MARYLAND

[No. 111, September Term, 1967.]

232

*Decided February 23, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Edward J. Angelletti* for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Atotrney for Balitmore City,* and *James F. Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

At a trial held on February 20-21, 1967, the appellant, John Henry Austin, was convicted of robbery with a deadly weapon

by a jury in the Criminal Court of Baltimore. He was thereafter sentenced to a term of twenty years in the Maryland Penitentiary. The questions presented on this appeal relate to the propriety of certain of the trial judge's rulings on discovery matters and evidentiary points.

The evidence adduced at the trial established that on the morning of February 16, 1965, Mrs. Mae Duda was robbed of some $788.00 by two Negro men who had entered her living quarters above the funeral home which she operated in Baltimore City. The faces of both men, one of whom carried a revolver, were covered with blue handkerchiefs, but during a struggle the mask fell from the face of one of them. On March 8, 1965 Mrs. Duda identified a police photograph of the appellant as the man who had become unmasked in the course of the crime. On March 12, 1965 Mrs. Duda again identified the appellant from a police line-up as one of her assailants.

Prior to the trial, appellant filed a motion for discovery requesting, *inter alia,* the names of witnesses whom the State intended to call to prove its case and the substance of any written or oral statements made by the appellant. The State's answer to this motion disclosed a list of forty-three prospective State's witnesses and further stated that the appellant had made no statements of any kind. Subsequently, on February 17, 1967, three days before trial, the State filed a supplemental answer to appellant's motion for discovery in which it set forth the substance of certain statements made by the appellant to the victim during the crime. Appellant's motion to suppress the supplemental answer was denied by the court below.

At the trial Officer Raymond Kraft testified that State's Exhibit 4, a picture of the appellant, which he recognized by its police identification number, was the same picture as that pointed out by Mrs. Duda on March 8, 1965. On cross-examination, however, defense counsel demonstrated that the picture had, in fact, been taken on March 10, 1965, thus precluding the possibility that Mrs. Duda had ever identified State's Exhibit 4. In an attempt to clarify the matter, the State called Sergeant Henry Becker of the Police Identification Bureau as a witness, although he had not been included in the list of witnesses furnished to the appellant in the State's answer to appellant's mo-

tion for discovery. On this ground, appellant objected to his testimony. The objection was overruled. Sergeant Becker then testified that an identification number on a police photograph is keyed to the subject of the photograph, not the picture itself. He produced two prior photographs of the appellant from police files, each of which bore the same identification number as State's Exhibit 4. One of these pictures, dated September 9, 1955, was admitted into evidence as State's Exhibit 6 over appellant's objection.

In presenting his defense to the charges against him, appellant read into the record the former testimony of John W. Ketcham, since deceased, taken from appellant's prior trial which had been invalidated as a result of *Schowgurow v. State,* 240 Md. 121. At that trial, Ketcham had testified that about the time of the robbery he observed two colored men wearing dark overcoats enter Mrs. Duda's premises and then depart about twenty minutes later. Ketcham was not, according to his testimony, able to identify either of the men. Appellant then called Sergeant James Gorsuch as a witness. He testified that immediately after the crime he had interviewed Ketcham and had written a departmental report following the interview. The appellant offered the report as evidence for the purpose of showing that Sergeant Gorsuch had received from Ketcham a description of the two men substantially different from that given the police by Mrs. Duda—a description also different from that of the appellant himself. The trial judge, however, sustained the State's objection to the proffer, ruling that the report was irrelevant and that appellant could in no way add to or detract from Ketcham's testimony as given at the prior trial.

Appellant's first contention is that the trial court committed reversible error by denying his motion to suppress the State's supplemental answer to his motion for discovery, setting forth the substance of an oral statement made by appellant to the victim. We cannot agree. Appellant's statement having been made to a victim was not within the purview of Maryland Rule 728 requiring the State to furnish the defendant with "the substance of any oral statement made by him which the State proposes to produce as evidence to prove its case-in-chief." *Barton v. State,* 2 Md. App. 52; *Boone v. State,* 3 Md. App. 11.

Appellant's second assertion of error is that the court below improperly allowed Sergeant Becker to testify when he had not been listed as a witness in the State's answer to appellant's motion for discovery. This contention likewise lacks merit. While Becker was called to testify as a witness during presentation of the State's case-in-chief, his purpose was not to testify with respect to any facts of the crime or of the appellant's connection with it, but rather to provide the jury with some expertise concerning the identification procedures used by the police department in the matter of marking police photographs. Sergeant Becker's testimony established that the police were in possession of more than one photograph of the appellant bearing the same serial number. Under these circumstances, and bearing in mind that the State could not anticipate prior to trial that Becker's testimony would be needed, we see no error in permitting him to testify even though his name was not listed by the State as a potential witness.

Appellant next contends that the court erred in excluding from evidence the police report written by Sergeant Gorsuch containing the descriptions given to him by Mr. Ketcham of the men he had seen entering the Duda funeral home just prior to the crime. At the trial, appellant urged that the report was admissible as part of the *res gestae*. The trial court declined to admit the report on that ground and ultimately ruled that it was inadmissible as not relevant to any issue in the case. Appellant contends on appeal that the report was admissible to show that Ketcham's description of the men was different from that given by Mrs. Duda to the police. Appellant does not state upon which rule of evidence he places reliance to support the admissibility of the police report. We do not know, therefore, whether appellant urges the report's admissibility as a business record under Section 59 of Article 35 of the Maryland Code (1965 Repl. Vol.), or whether his purpose was to show that Ketcham's testimony at the trial to the effect that he could not identify either of the men was inconsistent with his prior statement to Sergeant Gorsuch by which he provided descriptions of the two men. In the absence of some clear showing by the appellant of a proper basis supporting the report's admissibility under the rules of evidence, we agree with the trial judge that

the substance of the report was not relevant to the issues in the case since, at most, it established that Ketcham's description of the men who entered the victim's home was different than that given by the victim of her assailants and, additionally, different from that of the appellant. We note that Ketcham's description of the men, as related in the police report, was most general and actually was consistent with the victim's description of the clothing worn by the two men. In any event, we see no error in the court's refusal to admit the police report into evidence.

Appellant's final contention is that State's Exhibit 6, a police photograph of the appellant dated September 9, 1955, was improperly admitted below, as its introduction tended to reveal appellant's prior criminal record to the jury. While we agree with the appellant's statement that his character cannot be attacked by showing prior convictions before he has put the same in issue, we cannot agree that the admission of the photograph in question was prejudicial for that reason. Testimony by Mrs. Duda and Officer Kraft to the effect that the appellant had been identified from his picture in the police file had already been introduced before the State proffered its Exhibit 6. In fact, State's Exhibit 4, a police photograph of the appellant believed at the time of its introduction to be that identified by Mrs. Duda, had been received into evidence without objection. Testimony that a victim was able to identify his assailant from a police photograph is admissible, *Judy v. State,* 218 Md. 168; *Basoff v. State,* 208 Md. 643, and we think that evidence of the photograph so identified was properly admissible. Under the circumstances of this case, we conclude, therefore, that the trial court committed no error in admitting the police photograph of the appellant.

*Judgment affirmed.*