443 P.2d 514

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Pete TAPIA, Defendant-Appellant.**
**No. 136.**

Court of Appeals of New Mexico.
June 28, 1968.

Menig & Sager, Harold H. Parker, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

ARMIJO, Judge.

Pete Tapia was found guilty by a jury of having committed the offense of armed robbery. He appeals the judgment imposing sentence and claims the trial court committed reversible error because: (a) the verdict was contrary to the weight of the evidence; (b) evidence was introduced of an extra judicial nature with respect to identity of the accused and, (c) that receipt of such evidence constituted fundamental error.

The challenge made on the jury verdict, as being contrary to the weight of the

evidence, compels us, under well established principles, to deny the same.

On review of a criminal case we do not pass upon the weight of the evidence. This duty devolves upon the jury and the trial court. The correct test to be applied by us in determining the issue of sufficiency of the evidence to support a jury verdict in a criminal case is to view the evidence and indulge all permissible inferences in a light most favorable to the prosecution.

State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965).

State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965).

State v. Deaton, 74 N.M. 87, 390 P.2d 966 (1964).

State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960).

State v. Martinez, 53 N.M. 432, 210 P.2d 620 (1949).

State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967).

Illustrative of the testimony which we think was sufficient to support the jury verdict was that given by the victim when he positively identified appellant as one of the persons who stole from him at gun point, and another witness who recognized appellant as one of three persons who ran towards her from the direction of the scene of the crime about the time of the robbery. The record amply supports the result reached by the jury, which by its verdict rejected the testimony adduced by appellant in support of his defense of alibi.

Appellant claims prejudicial error was committed when the state introduced testimony concerning the extra judicial identification of appellant as the person who committed the crime.

Two persons so identified appellant. The victim identified him on the basis of a photograph in a "mug book" containing approximately 300 pictures. A witness identified him on the basis of a photograph appearing in a group of about 30 pictures. The victim and the witness identified appellant in separate lineups. Appellant also complains of the testimony by a police officer describing the "mug book" as "a large book containing photographs of suspects * * * in Bernalillo County. This refers to burglaries, armed robberies and narcotic addicts."

Appellant does not complain because the extra judicial identification occurred; nor does he complain of his in-court identification. Compare State v. Carrothers, (Ct.App.), 79 N.M. 347, 443 P.2d 517, decided June 28, 1968. Appellant complains of the testimony introduced at trial concerning the extra judicial identification and description of the "mug book."

On the general question of extra judicial identification and testimony concerning the same, see Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); State v. Childs, 198 Kan. 4, 422 P.2d 898 (1967); State v. Hill, 193 Kan. 512, 394 P.2d 106 (1964); State v. Owens, 15 Utah 2d 123, 388 P.2d 797 (1964); Austin v. State, 3 Md.App. 231, 238 A.2d 569 (1968); People v. Ogden, 77 Ill.App.2d 312, 222 N.E.2d 329 (1966); People v. Aguirre, 158 Cal.App.2d 304, 322 P.2d 478 (1958); Riley v. State, 74 Okl.Cr. 363, 126 P.2d 284 (1942), Anno. 71 A.L.R.2d 449; 4 Wigmore, Evidence, § 1130 (3rd Ed. 1940). Compare State v. Leach, 58 N.M. 746, 276 P.2d 514 (1954).

Appellant did not move to suppress the evidence concerning extra judicial identification; he did not object to this testimony at trial; he did not move to strike this testimony—in no way did appellant invoke a ruling of the trial court on the admissibility of this testimony.

State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963) states:

"An appellate court only reviews adverse rulings and decisions protested below in a manner which alerts the mind of the trial court to the claimed error. The failure of defendant to point out the claimed errors and to bring them to the attention of the trial court prevents his

relying on them for the first time on appeal."

See State v. Lucero, 78 N.M. 659, 436 P.2d 519 (Ct.App.1968).

Appellant attempts to question the admissibility of the testimony concerning extra judicial identification and testimony describing the "mug book" for the first time in this court; he cannot do so. We look with disfavor on the use of the term "mug book" or words of similar import, in a criminal trial.

 Appellant's assertion that the receipt of extra judicial evidence resulted in fundamental error being committed as to entitle him to a reversal of the judgment, is also found to be without merit.

We have reviewed the record and find substantial evidence to support the jury's verdict, which forecloses application of the doctrine of fundamental error. This doctrine is announced in State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967), thus:

"The doctrine of fundamental error is resorted to in criminal cases only if the innocence of the defendant appears indisputable, or if the question of his guilt is so doubtful that it would shock the conscience to permit his conviction to stand. State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950). If there is a total absence of evidence to support a conviction, as well as evidence of an exculpatory nature, then an appellate court has the duty to see that substantial justice is done and to set aside the conviction. State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967). * * *"

See also State v. Reynolds, (Ct.App.) 79 N.M. 195, 441 P.2d 235 decided April 19, 1968 and State v. Manlove, (Ct.App.) 79 N.M. 189, 441 P.2d 229 decided April 19, 1968.

The jury verdict was based on conflicting evidence, not on a record which disclosed a complete lack of evidence.

Further, the fundamental error rule is to be applied sparingly to prevent a miscarriage of justice; it is not to be applied to excuse failure to make proper objections in the court below. State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967) and State v. Lott, supra.

A careful examination of the entire record discloses that appellant received a fair and impartial trial and it follows from what has been said that the judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.