THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HAROLD EUGENE WHEELER, Defendant-Appellant.

Fourth District   No. 13070

Opinion filed July 29, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Harold Eugene Wheeler was found guilty of the offense of burglary after a jury trial in the Circuit Court of McLean County. Judgment was entered on the verdict and defendant was sentenced to 5 to 15 years in the penitentiary.

Defendant's sole contention on appeal is that he was denied a fair trial as a result of the admission of testimony that the burglary victim identified defendant as the burglar from photographs shown to him at police headquarters and that the photographs shown to the victim were of "people that have been arrested." He claims that this testimony was prejudicial because it "carried the clear implication that defendant had previously been involved in criminal activity."

At trial Otis Iseminger, Jr., the burglary victim, testified for the State that in March 1974 he was employed as an attendant at a gasoline station in Bloomington, Illinois, and that on the night of March 24, 1974, he slept in the back room of the station. At about 3:30 a.m. he was awakened by a car with a loud muffler and the ringing of the driveway bell. A few moments later he heard a scratching noise coming from the station office. He walked into the bay area of the station and saw a car in the driveway. He then went to the door to the office and saw a man standing about 5 feet away behind the cash register. He was able to see the man's profile and face. After about 10 or 15 seconds the man turned, saw Iseminger, ran outside, and jumped into the passenger side of the car, which immediately drove off.

Iseminger identified defendant as the man he saw in the service station office. He had seen defendant a few times before the burglary but did not know his name. Iseminger also testified that when the police arrived he told them he had seen defendant before. The next morning he went to the Bloomington Police Department and identified defendant from a group of photographs on display there. Defense counsel objected to this testimony but did not state any reason for the objection. The objection was overruled. Defendant then moved for a mistrial based on Iseminger's testimony that defendant had been identified from police photographs, which motion was denied.

Sue Bailey testified for the State that she was employed in the Records Division of the Bloomington Police Department and that Iseminger had come into the Records Division on March 25, 1974. In response to the prosecutor's question, "And what did Mr. Iseminger do when he came into the Records Division," she stated, without objection, that Iseminger "came in to look at some photographs which we have in the Records Division of people that have been arrested." She also testified that after looking at about 40 photographs Iseminger picked out a picture of defendant. After Ms. Bailey completed her testimony, defense counsel

asked for a mistrial because of her testimony that defendant had been identified from a group of photographs of persons who have been arrested. The motion was denied.

Defendant offered an alibi defense. He and his girlfriend testified that they went to a drivein movie in Bloomington on the evening of March 24, 1974, and returned to their home in Lexington before midnight. They went right to bed when they got home and did not get up before 8 o'clock the next morning.

■■ Defendant's contention that admission of the testimony concerning the source of the photographs from which he was identified was prejudicial error is based on the general rule that evidence of other crimes committed by defendant is not admissible because of its prejudicial effect of raising the inference that, because defendant has committed other offenses, he is likely to have committed the offense in question. However, "a recognized exception to the general rule exists where the evidence tends to aid in the identification of the accused as the person who committed the particular crime charged. *People v. Tranowski*, 20 Ill. 2d 11; *People v. Lehman*, 5 Ill. 2d 337." *People v. Lewis* (1964), 30 Ill. 2d 617, 620, 198 N.E.2d 812, 814.

■■■ With regard to the use of police photographs, the Supreme Court has indicated that, where relevant to the issue of identity, testimony concerning police photographs or admission of the photographs themselves is not prejudicial error *per se* even though a prior criminal record may be inferred from such evidence. (*People v. Maffioli* (1950), 406 Ill. 315, 94 N.E.2d 191.) More recently in both *People v. Ogden* (1966), 77 Ill. App. 2d 312, 222 N.E.2d 329, and *People v. Lewis* (1968), 92 Ill. App. 2d 463, 236 N.E. 2d 417, testimony concerning identification from police photographs was held not to constitute prejudicial error on the basis that the photographs themselves were not admitted and no other references were made to defendant's prior criminal record. *Ogden* involved a witness' testimony that he had identified defendant from photographs in a "mug book," and the court stated that while it did not favor use of the term "mug book," such a reference did not require reversal.

In *People v. Coleman* (1974), 17 Ill. App. 3d 421, 431, 308 N.E.2d 364, 371, 372, testimony that defendant was identified from records and photographs obtained at "11th and State" (police headquarters) was held not to constitute reversible error. However, in that case no objection was made to the testimony at trial.

Finally, in *People v. Longstreet* (1974), 23 Ill. App. 3d 874, 880, 320 N.E.2d 529, 533, testimony that defendant was identified from photographs of "people that my unit has arrested for robberies or unlawful use of weapons, carrying a gun in the street" was held not to

constitute prejudicial error. There the court noted that this reference to the source of the photographs directly related to the issue of identification and that the State made no further references to defendant's prior unrelated criminal activities.

■■ In the instant case, Iseminger's testimony that he identified defendant from police photographs and Ms. Bailey's testimony that the photographs were of people who have been arrested appears no more prejudicial than the reference to "mug books" in *Ogden* or the reference to photographs of people "arrested for robberies or unlawful use of weapons" in *Longstreet*. Here, the testimony of both witnesses directly related to the issue of identification. Ms. Bailey's comment on the source of police photographs was not responsive to the prosecutor's question, and no other reference was made to defendant's police record. We therefore conclude that neither Iseminger's nor Ms. Bailey's testimony can be considered reversible error.

Accordingly, the judgment of the Circuit Court of McLean County is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.