565 P.2d 658

**STATE of New Mexico, Petitioner,**

v.

**Alfred A. HARTLEY, Respondent.**

No. 11321.

Supreme Court of New Mexico.

June 7, 1977.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for petitioner.

Reginald J. Storment, Appellate Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Justice.

Defendant was convicted, following jury trial in the District Court of Roosevelt County, of criminal sexual penetration in the first degree and murder in the second degree. The Court of Appeals reversed the convictions and remanded for a new trial. The State petitioned for writ of certiorari, which we granted. We reverse the Court of Appeals.

The only issue before us is whether the Court of Appeals erred in holding, contrary to the trial court, that the evidence was sufficient to warrant an instruction on the issue of defendant's insanity at the time the crime was committed.

The defendant's expert witness, a psychologist, testified at some length after having examined the defendant for approximately four hours in the Chaves County jail. The testimony was equivocal.

The most that can be said is that it characterized the defendant to be "extremely depressed, very agitated," "prone to . . . destructive behavior, if you hypothesize that something occurred to . . . set him off," having a "mental disorder," showing indications of a "schizoid personality," acting under an "irresistible impulse," "prone to act impulsively which may hinder his ability to prevent" his actions.

The psychologist would not give an opinion on whether the defendant at the time of the offenses understood the consequences of his acts, whether he had the mental capacity to form the intention to commit the crimes, whether he was capable of knowing the difference between right and wrong, whether he was capable of preventing himself from committing the acts, or whether his mind was diseased.

Under our law the defendant is presumed to have been sane at the time of the alleged crimes, which casts upon him the necessity of going forward with the evidence tending to show that he was insane. *State v. Roy*, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1 (1936): This presumption of sanity

continues to operate through the trial. *State v. Wilson*, 85 N.M. 552, 514 P.2d 603 (1973).

The court in *State v. Roy, supra*, a landmark case on many issues raised here, stated [40 N.M. at 404, 60 P.2d at 650]:

> When the defendant has put in evidence reasonably tending to show him insane, the problem is then to determine whether it is sufficient to take the case to the jury. This is a question for the court to determine. Therefore, when all the evidence is in, if there has been adduced competent *evidence reasonably tending to support* the fact of *insanity* urged by the defendant as a defensive issue in the case, it is the duty of the court to instruct on the question of insanity. Otherwise, the court may properly refuse such instruction. (Emphasis added.)

See also *State v. Wilson, supra.*

■ In reviewing a judgment of conviction an appellate court is required to view the evidence as a whole in the light most favorable to the State, resolving conflicts and indulging all permissible inferences in favor of the verdict. *State v. Crouch*, 75 N.M. 533, 407 P.2d 671 (1965); *State v. Tapia*, 79 N.M. 344, 443 P.2d 514 (Ct.App. 1968). The State charges that the Court of Appeals made its own independent determination of the sufficiency of the evidence to warrant submission of an insanity instruction. That court held that the testimony of the psychologist "tended" to show that the criminal acts charged were committed as a result of a "disease of the mind."

This calls for an assessment of what constitutes "competent evidence reasonably tending to support the fact of insanity" in New Mexico.

For many decades our court applied the rule from the M'Naghten case, 10 Clark & F. 200, 8 Eng.Rep. 718 (1843) which espoused what is known as the "right-and-wrong test." In order to support a verdict of insanity under the M'Naghten test, the jury must be satisfied that the defendant (1) did not know the nature and quality of the act or (2) did not know that it was wrong.

This rule prevailed in New Mexico until 1954 when this court in *State v. White*, 58 N.M. 324, 270 P.2d 727 (1954) made a careful analysis of the authorities and made a limited extension of the M'Naghten rule, adding a third ingredient. The court held that if the accused, (3) as a result of disease of the mind "was incapable of preventing himself from committing" the crime, he could be adjudged insane and thereby relieved of legal responsibility for what would otherwise be a criminal act.

The court very carefully delineated the extent to which it would expand the rule [58 N.M. at 329, 270 P.2d at 730]:

> The only further rule of law as to the defense of insanity which this Court is willing to adopt is as follows: Assuming defendant's knowledge of the nature and quality of his act and his knowledge that the act is wrong, if, by reason of disease of the mind, defendant has been deprived of or lost the power of his will which would enable him to prevent himself from doing the act, then he cannot be found guilty.

The decision ruled out excitement or impulsive action and stated further [58 N.M. at 330, 270 P.2d at 730]:

> the insanity of which we speak does not comprehend an insanity which occurs at a crisis and dissipates thereafter. The insanity of which we speak is a true disease of the mind, normally extending over a considerable period of time, as distinguished from a sort of momentary insanity arising from the pressure of circumstances.

The court ruled out any consideration of "ordinary" or "reasonable" willpower, stating that whether or not the defendant has "normal" governing power of the will is beside the point, that the only question for determination is whether *disease* deprived the defendant of whatever willpower he happened to have.

We uphold the decisions in *State v. Roy*, and in *State v. White, supra*, in which former case we said [40 N.M. at 405, 60 P.2d at 651]:

It is no excuse for murder that the perpetrator has not power to control his actions when aroused or in a passion. It is the duty of men who are not insane or idiotic to control their evil passions and violent tempers or brutal instincts, and if they do not do so, it is their own fault, and their moral and legal responsibility will not be destroyed or avoided by the existence of such passions, or by their conduct resulting from them. (Citations omitted.)

This theory was further amplified in *State v. Moore*, 42 N.M. 135, 158–59, 76 P.2d 19, 32–33 (1938):

Insanity, to excuse crime, must be such as dethrones reason and renders the subject incapable of discerning right from wrong, or of understanding or appreciating the extent, nature, consequences, or effect of his wrongful act. . . . A mere uncontrollable impulse of the mind, coexisting with possession of his reasoning powers, will not warrant an acquittal on the ground of insanity; . . . Where the defendant has sufficient mental capacity to distinguish between right and wrong, mere passion or frenzy produced by anger, jealousy, or other passions will not excuse. There may, indeed, be insane impulses which are so far uncontrollable that there is no criminal liability therefor, but they must be shown to be the result of a diseased mind.

\* \* \* \* \* \*

. . . 'An irresistible impulse,' as recognized by some courts as a defense to a charge of crime, and as popularly understood, has been well defined to be an impulse produced by and growing out of some mental disease affecting the volition, as distinguished from the perceptive powers, so that the person afflicted, while able to understand the nature and consequence of the act charged against him, and to perceive that it is wrong, is unable, because of such mental disease, to resist the impulse to do it. This class of mental infirmity or 'insanity' is to be distinguished from emotional or moral insanity, insane delusion, morbid impulse, passion, or overwhelming emotion not growing out of or connected with a disease of the mind. (Citations omitted.)

Accord, *State v. Valenzuela*, 90 N.M. 25, 559 P.2d 402 (1976); *State v. Wilson, supra; State v. Gardner*, 85 N.M. 104, 509 P.2d 871 (1973); *State v. Chambers*, 84 N.M. 309, 502 P.2d 999 (1972).

■ In *Valenzuela, supra*, recently decided, this court reiterated the rule that the first condition necessary for the establishment of insanity is a "disease of the mind." Even though an accused proves his incapacity to prevent his commission of a crime, it is of no avail to him unless it is shown that this incapacity was the result of a disease of the mind. All proof regarding "mental disorder," schizoid personality, destructive behavior, agitation, depression, impulsive behavior, irresistible impulse or the accused's inability to control his actions is immaterial to prove insanity here unless predicated upon the presence of a disease of the mind. *State v. Valenzuela, supra.*

*State v. Gutierrez*, 88 N.M. 448, 541 P.2d 628 (Ct.App.1975) ruled an "impulsive act" to be insufficient to raise a factual issue on the question of insanity. *State v. Smith*, 80 N.M. 126, 452 P.2d 195 (Ct.App.1969) rules out a "mental or personality defect" as well as the fact that the accused was "inclined to violent emotional eruptions" and that "when in a rage he is unable to control himself", holding these insufficient to establish the defense of insanity.

■ The evidence in this case that defendant had a mental disorder, was inclined to be depressed, agitated, prone to act impulsively, capable of destructive behavior if something triggered his actions, and that these traits *might* hinder his ability to prevent the commission of the alleged crimes, does not meet the test of reasonably tending to show that defendant had a diseased mind. The trial court's action in refusing an instruction on insanity was not error.

The Court of Appeals is reversed, the convictions of first-degree criminal sexual penetration and second-degree murder are reinstated pursuant to the jury verdict, and the cause remanded for sentencing.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, PAYNE and FEDERICI, JJ., concur.