573 P.2d 687

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Jody Lee GURULE, Defendant-Appellee.**

**No. 3100.**

Court of Appeals of New Mexico.

Dec. 13, 1977.

Rehearing Denied Dec. 27, 1977.

Writ of Certiorari Denied Jan. 24, 1978.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Scott McCarty, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Defendant is charged with the voluntary manslaughter of her husband. She moved to suppress her oral and written statements. The trial court took the question of suppressing the written statement under advisement; her written statement is not involved in this appeal. The several oral statements were suppressed; the State appeals. The issue is the propriety of the order suppressing the oral statements.

Assuming, but not deciding, that defendant was in custody when each of the oral statements were made, this does not support the trial court's ruling. There is no evidence that any of the oral statements were made as the result of interrogation by the police. The evidence is that the statements made to the police and the ambulance driver were unsolicited remarks. The statements to the physician and to a person with whom defendant was talking by telephone were overheard, but the police were not involved in these conversations. The oral statements simply do not involve custodial interrogation. *State v. Chambers*, 84 N.M. 309, 502 P.2d 999 (1972); *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App. 1974); *State v. Word*, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969).

Defendant's contention before the trial court was that her oral statements should be suppressed "because they were made at a time when she couldn't be responsible or accountable for what she was saying."

*State v. Chavez*, 88 N.M. 451, 541 P.2d 631 (Ct.App.1975) states: "For defendant to make a valid statement the defendant must have had sufficient mental capacity at the time he made the statement, to be conscious of the physical acts performed by him, to retain them in his memory, and to state them with reasonable accuracy."

The question is whether there is evidence to meet this legal test. The evidence on which defendant relies is that defendant was hysterical, was crying, did not want to leave her husband's body, and had to be forced to go to the hospital for a shot to calm her down. There is some evidence of physical injury. The evidence is uncontradicted that the officers felt defendant was too upset to be interrogated.

None of the witnesses who characterized defendant as hysterical were asked what they meant by that word. The common meaning of hysterical is "exhibiting unrestrained emotionalism". Webster's Third New International Dictionary (1966). Testimony describing defendant's conduct is consistent with this meaning. The evidence is that defendant was extremely upset and was exhibiting unrestrained emotionalism at the time most of her oral statements were made.

■ Does this evidence show a lack of mental capacity to be conscious of her acts, to retain them in her memory and to state them with reasonable accuracy? No. Defendant's emotional condition might support an inference of mental instability, but such instability does not show a lack of mental capacity. The instability was not a basis for excluding the oral statements, rather the instability went to the weight to be accorded the oral statements. See *State v. Sisneros*, 79 N.M. 600, 446 P.2d 875 (1968); *State v. Lujan*, 87 N.M. 400, 534 P.2d 1112 (1975), cert. denied, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 400 (1975). Compare *State v. Hartley*, 90 N.M. 488, 565 P.2d 658 (1977) and cases therein discussed; *State v. Velasquez*, 76 N.M. 49, 412 P.2d 4 (1966), cert. denied, 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 95 (1966).

. There is no evidence supporting the trial court's order which suppressed the oral statements of defendant. That order is reversed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.